NO. 8056.

COURT OF APPEAL

NEW ORLEANS & NORTH EASTERN R. R. CO

STATE OF LOUISIANA

VS

JONATHAN K. LEWIS.

PARISH OF ORLEANS

8056

8056

By his Honor John St. Paul.

Plaintiff brought this suit upon a cause of action arising in the yeae 1917, as shown by the exhibits annexed to and made part of the petition; that is to say before the Federal Government had assumed control of the Nation's railroads as a war measure.

This petition however was filed only in 1919 and whilst plaintiff's physical property was in the control of the Federal Authorities, where it had been since Dec. 31st 1917; and contained some irrelevant allegations about Federal Control, as well as certain clerical errors showing dates in 1918. By reason whereòf, it would seem that court and counsel must #### all have been misled into the belief that the cause of action arose during Federal control. For the defendant promptly filed and the judge promptly sustained an exception that the cause of action belonged not to plaintiff but to the Federal Director General of Rail Roads; whilst the latter, acting by the same counsel, promptly filed a new·suit upon the same cause of action. Thereafter plaintiff perceived the mistake and took this appeal.

I.

It is said that counsel for plaintiff admitted below in open court that the judgment was correct (as well

and hence plaintiff cannot appeal. But this court cannot take cognizance of alleged occurrences in the court below which do not appear in the record, by which alone an appellate court is guided. C. P. 601; 894. What is not in the record we cannot consider. De non apparentibus et non existentibus eadem est ratio.

Moreover mere verbal approval of a judgment, unless followed by "voluntary execution" ( i.e. some affirmative action) is not such acquiescence therein as to preclude a right of appeal. C. P. 567. Nor can a mere verbal approval of a judgment after rendition amount to a ~~###~~ confession of judgment, which of course should be in writing, and generally should precede the judgment and be the basis thereof.

Again it is clearly no part of counsel's duty to approve or disapprove of judgments for or against a client; and hence any admission by counsel that a judgment is correct is only an individual expression of opinion which does not bind the client or preclude his right of appeal. Nor can counsel directly or indirectly waive a client's right of appeal unless specially authorized to do so. See Smith vs Durbridge, 28 La Ann, not reported; cited in Louque's Digest p. 69. And finally the right of

565

appeal is <u>absolute</u> on complying with the requisites of law and does not depend on the incorrectness of the judgment, nor on the opinion entertained thereof by the court or counsel. Security Bank vs Hibernia Bank, 13 Orleans Appeals 423; State vs Recorder, 45 An 1209; Lee vs Foley, 113 La 663.

Nor can the fact that the Director General thereafter filed suit on the same cause of action, even by the same counsel, amount to a voluntary execution of the judgment by plaintiff. That was wholly the act of a third person and not the act of plaintiff, and cannot prejudice plaintiff. <u>Res</u> <u>inter</u> <u>alios</u> <u>acta</u> <u>alteri</u> <u>nocere</u> <u>non</u> <u>debet.</u>

## II.

As to the main issue, there is no pretense now that the judgment appealed from is correct; and hence that judgment must be reversed and the case remanded for trial; but we think that the error in the judgment below was due to the fault of plaintiff, and so we will tax plaintiff with the costs of this appeal. Act 229 of 1910.

The judgment appealed from is therefore reversed and it is now ordered that defendant's exceptions be overruled and the case remanded to the court <u>a</u> <u>qua</u> for trial in due course; plaintiff to pay the costs of this appeal, and all# other costs to await final Judgment.