MARJORIE J. ELLIOTT, PLAINTIFF, v.
GEORGE M. ELLIOTT, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided September 12, 1967.

*Mr. Abraham H. Carchman,* attorney for plaintiff.

*Mr. M. Marvin Soperstein* and *Mr. Michael A. Querques,* attorneys for defendant.

CONSODINE, J. C. C. (temporarily assigned). Order on motion was moved by another motion when plaintiff's counsel refused to consent as to form although admitting that the provisions of the order were in accord with the determination of the court. The refusal of consent as to form was solely on the ground that counsel did not agree with the determination of the court.

R. R. 4:55–1 governs the instant situation. The plain intention of the rule is that where the form of an order or judgment corresponds with the decision, consent as to form should be given as of course.

Court rules may completely direct the signature of counsel without prejudice to their substantial rights.

*In re Carton,* 48 *N. J.* 9 (1966). Consent as to form is only that, it does not waive or negate an appeal.

■ The purpose of the rule is salutory—to save the time of the court for other litigation. A waste of court time is an obstruction of justice to other litigants. *In re Hurd,* 76 *N. J. Super.* 337 (*App. Div.* 1962).

■■ Motions to settle terms of a judgment or order should only be made where there is a conflict between counsel as to the ruling of the court or when that ruling is deemed ambiguous. Otherwise they are onerous, in violation of the duty of an attorney to the court, and do delay, and thus obstruct, justice to others.

Order as presented entered in open court.