327 So.2d 515 (1976)
Joseph H. MAJOR and James P. Rupp
v.
The LOUISIANA DEPARTMENT OF HIGHWAYS.
No. 10681.
Court of Appeal of Louisiana, First Circuit.
January 12, 1976.
Rehearing Denied March 1, 1976.
*516 Anthony J. Bonfanti, Baton Rouge, for Louisiana Dept. of Highways.
James A. Wood, Baton Rouge, for James P. Rupp.
Sam J. D'Amico, Baton Rouge, for Joseph H. Major.
Before LANDRY, COVINGTON and BARNETTE, JJ.
COVINGTON, Judge.
This is a motion to dismiss the appeal filed by the Department of Highways on the grounds that the Department, appellant, had acquiesced in the judgment of the Louisiana Civil Service Commission. The basis for this dismissal is Article 2085 of the Louisiana Code of Civil Procedure. This procedural article provides that a party against whom a judgment has been rendered can not appeal if he has voluntarily and unconditionally acquiesced in the judgment.
In Parker v. Harvey, La.App., 164 So. 507 (2 Cir. 1935), the Court held that for an acquiescence to take away the right of appeal, there must be an unconditional and voluntary acquiescence by the appellant, with an intent to acquiesce in the judgment and to abandon the appeal. Acquiescence is never presumed. It must be established by evidence which leaves no doubt regarding acquiescence. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956). The reason for this is that appeals are favored in law and aided by the courts. Zeringue v. Administrator, Division of Employment Security, Department of Labor, La.App., 127 So.2d 91 (4 Cir. 1961).
We have two consolidated cases under consideration on this appeal. In the first case Joseph R. Major, a classified civil service employee, was discharged from his job as scale operator II in the Department of Highways. Major filed a petition with the Louisiana Civil Service Commission protesting his dismissal, and also filed a motion for summary disposition on the grounds that the letter of dismissal failed to specify the acts of which he was accused. In the second case James P. Rupp, who was also a classified civil service employee working as scale operator II in the Department of Highways at the time of his dismissal, filed a petition and also a similar motion for summary disposition with the State Civil Service Commission.
After hearing, the Commission sustained the motion for summary disposition and ruled on August 18, 1975, that the dismissal letters failed to specify the reasons for dismissal as is required under civil service rules in order to constitute proper notice, and ordered reinstatement of each employee *517 with back pay. On August 25, 1975, the Department reinstated Major; and on September 1, 1975, reinstated Rupp. On August 28, 1975, the Department gave the two employees their back pay. Then on September 16, 1975, the Department took this appeal. Afterwards Rupp retired from his job, with approval of the Department.
It is the position of the appellees that by reinstating Major and Rupp and paying them back pay, the Department of Highways has acquiesced in the judgment of the Commission, and consequently, this appeal should be dismissed. The appellees rely primarily upon the case of Adolph v. Sewerage & Water Board Pension Committee, La.App., 202 So.2d 644, 670 (4 Cir. 1967), particularly the statement:
"An appeal cannot be taken by a party who voluntarily and unconditionally acquiesced in a judgment rendered against him and voluntary payment of an adverse judgment by the party cast, without reservation of the right to appeal, constitutes such an acquiescence."
Although the Adolph case does state that voluntary payment without reservation amounts to an acquiescence in the judgment, the effect of the Adolph case has been minimized by the decision of this Court in Charles C. Cloy General Contractors, Inc. v. DiVincenti Brothers, Inc., La.App., 308 So.2d 493, 495 (1 Cir. 1974), wherein we said:
"We find no merit in Contractor's contention that where payment is made, acquiescence is established by appellant's failure to reserve in writing, or otherwise, his right to appeal. The tenor of recent decisions establishes the rule that payment, even payment without express reservation of the right to appeal, does not per se constitute voluntary and unconditional acquiescence within the meaning of the term as employed in Article 2085, above. The unmistakable import of the latest decisions is that payment must be accompanied by intent to abandon the appeal, and that proof of such intent rests upon the party alleging abandonment.. . .
"Following payment, the appeal was in fact perfected by lodging the transcript in the appellate court. We conclude that payment was not accompanied by the required intent to abandon the appeal in this instance."
As in the Cloy case, following payment in the instant case, the Department of Highways perfected this appeal. There is no evidence in the instant case to suggest that the Department of Highways ever intended to abandon its appeal. The Department in fact denies that it has directly or indirectly abandoned its appeal, or acquiesced in the decision of the Commission. On the contrary, it is clear from the record that the Department considered that it was merely obeying the law and rules in carrying out the Commission's order to reinstate the two employees and to pay all back pay due them.
Although Article 10, Section 12, of the Louisiana Constitution of 1974, grants a right of appeal from a commission's decision, it does not grant a suspensive appeal or suspension of the execution of a commission's decision. After the decision of the commission and pending the appeal, the parties affected by the commission's decision must comply with that decision. Such a decision is final and not subject to rehearing under the civil service rules. See Civil Service Rule 13.28 and 13.33. It is only by means of a stay order, which is discretionary, from the appellate court that the execution of a commission's decision can be suspended. See Rule 16, Section 6, Uniform Rules of Courts of Appeal. Hence, in the instant case there was no legal method by which the Department could definitely suspend the execution of the judgment of the Commission; therefore, the Department was compelled to *518 comply with the judgment or subject itself to penalty for contempt. Cf. State ex rel. Duffey v. Mississippi River Bridge Authority, La.App., 126 So.2d 656 (4 Cir. 1961). It appears to us that it was only in obedience to the mandate of the Commission that the Department restored the appellees to their jobs and salary.
On our own motion, we have considered the status of the case relative to James P. Rupp and the question of it having become moot as to him.
C.C.P. art. 2164 reads, in part:
"The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."
We have the right, ex proprio motu, to consider the possibility that a matter has become moot; Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758 (1968). Indeed, under the cited codal article, we have that duty.
The general proposition of law applicable to the instant situation is succinctly stated in the case of State ex rel. Guste v. Louisiana Milk Commission, 297 So.2d 750, 752 (La.App. 1 Cir. 1974):
". . . (M)oot questions will not be considered on appeal."
As the record reflects that Rupp has already retired with the approval of the Department, this matter has become moot as to him and any ruling which we would make would ". . . serve no useful purpose and can give no practical relief." Ardoin v. Ardoin, 306 So.2d 476, 477 (La.App. 3 Cir. 1975).
Accordingly, the appeal is dismissed as to James P. Rupp.
However, finding no acquiescence within the intendment of the law relative to the abandonment of an appeal, the motion is denied as to Joseph H. Major.
Granted in part, denied in part.