356 So.2d 1099 (1978)
CITY OF BOSSIER CITY, Plaintiff-Appellant,
v.
Joel Edward USERY and the Municipal Fire & Police Civil Service Board of Bossier City, Defendants-Appellees.
No. 13482.
Court of Appeal of Louisiana, Second Circuit.
February 20, 1978.
*1100 DeLaune & Blondeau by Harvey P. DeLaune, Bossier City, for plaintiff-appellant.
James B. Wells, Bossier City, for defendant-appellee, Joel E. Usery.
Charles E. Welsh, Bossier City, for defendant-appellee, Municipal Fire & Police Civil Service Bd. of Bossier City.
Before BOLIN, MARVIN and JONES, JJ.
MARVIN, Judge.
The District Court, to which the City appealed a decision of its Civil Service Board, sustained a motion to dismiss the appeal. The City appeals here. R.S. 33:2471, et seq.
The appeal was dismissed on the grounds that the City was estopped or barred from appealing because it had approved and implemented by formal personnel action directives, the Board's decision.
The City contends that it was required by R.S. 33:2501 to enforce or implement the Board's decision, from which no suspensive appeal can be taken, and that it should not have been held to be estopped by its actions from appealing the Board's decision devolutively. R.S. 33:2501 reads in part that " . . . the decision of the Board . . shall be forthwith enforced by the appointing authority [in this case, the City] . . ." In Major v. Louisiana Department of Highways, 327 So.2d 515 (La.App. 1st Cir. 1976), it was held that a suspensive appeal does not lie of right from a decision of the Louisiana Civil Service Commission. We need not decide, however, whether a decision of a municipal civil service board may be appealed suspensively as of right. The question here is estoppel or acquiescence, which if found, may bar any appeal, suspensive or devolutive. C.C.P. Art. 2085.
This case arose when the City demoted Police Major Joel Usery to captain because of his violations of departmental regulations. Usery appealed to the Board. After a hearing, the Board in a formal decision on June 12, 1977, modified the City's demotion of Usrey by reinstating him to major but suspending him from duty for 45 days to commence on July 1, 1977. Twelve days after the Board's decision, the City issued formal written directives entitled Personnel Action. These directives were signed by the mayor and by the chairman of the Civil Service Board. Usery was reinstated to major and served the 45-day suspension from duty as ordered by the City's directives.
While Usery was serving his suspension, the Citythrough a newly-elected mayor whose administration began July 1, 1977 appealed the decision of the Board to the district court on July 12, 1977, within the 30-day delay for appeal. See La.Const. Art. 10, § 18; Art. XIV, § 15.1 (1921); R.S. 33:2501; Touchette v. City of Rayne Mun. F. & P. Civ. Serv. Bd., 321 So.2d 62 (La.App. 3d Cir. 1975), and La.Const. Art. 5, § 16(B). Usrey's suspension ended August 15, 1977. The Board filed the motion to dismiss on August 29, 1977. Usery testified at the hearing in support of the motion, but filed no pleadings.
The retiring mayor, whose term ended on July 1, 1977, testified on the one hand that he had no intention of appealing the Board's decision and that he made a public statement at the time of the decision that *1101 he would "go along" with the Board to resolve the Usery situation and the effect on the police department and the City. On the other hand, the retiring mayor testified that by the directives mentioned, he ". . . was approving the . . . decision of the Board . . . as required by law," and that his action in issuing the directives was not taken to estop the succeeding city administration from appealing if it wanted to appeal.
Equitable estoppel is the effect of a person's voluntary conduct legally precluding him from asserting rights against another who, in reliance upon that person's conduct and because of that conduct, has changed his position to the extent that he will suffer injury if that person is allowed to repudiate his conduct. Equitable estoppel is designed to foster justice by preventing a person from taking a position contrary to his prior conduct, which has been detrimentally relied upon by another person. Shirey v. Campbell, 151 So.2d 557 (La.App. 2d Cir. 1963); State ex rel. Re-Lu, Inc. v. City of Kenner, 284 So.2d 866 (La. App. 4th Cir. 1973). Estoppel is not generally favored at law and is to be applied only in cases presenting special circumstances. Wilkinson v. Wilkinson, 323 So.2d 120 (La. 1975). We find no reliance or change of position by the Board under the circumstances presented and hold the doctrine of equitable estoppel inapplicable.
As in Major, supra, the issue is whether under the circumstances shown, the City voluntarily and unconditionally acquiesced in the Board's decision modifying Usery's punishment for violations of departmental regulations? C.C.P. Art. 2085.
Major presented similar facts. There, Major, a discharged employee, appealed his dismissal by his employer, the Department of Highways, to the Louisiana Civil Service Commission. The Commission reversed Major's dismissal and ordered reinstatement with back pay. The Department appealed to the Court of Appeal. Major moved to dismiss the Department's appeal on the grounds that the Department had reinstated him with back pay within 10 days of the Commission's decision and then had appealed the Commission decision after his reinstatement. The Court found that the Department considered it was merely obeying the law in carrying out the Commission's decision and held that there was no acquiescence by the Department in the Commission's decision. This case perhaps could be factually distinguished because of the change of administration here, but the equivocation by the outgoing mayor in his testimony as summarized above, does not sufficiently prove acquiescence. See cases discussed in Major as to the nature and the burden of proof required in cases where acquiescence is the issue. There it was said, "[t]he unmistakable import of the latest decisions is that [the conduct relied upon for acquiescence under C.C.P. 2085] must be accompanied by intent to abandon the appeal. . ." 327 So.2d 517.
At the cost of appellee to the extent that the same may be legally assessed, the judgment below dismissing the City's appeal is reversed and the case is remanded.