363 So.2d 546 (1978)
KOERNER & LAMBERT, A PROFESSIONAL LAW CORP.
v.
ALLSTATE INSURANCE COMPANY, Burnell D. Robinson, and Percy Robinson, Jr. (Consolidated with Koerner & Lambert, a Professional Law Corp. v. Allstate Insurance Company).
No. 9925.
Court of Appeal of Louisiana, Fourth Circuit.
October 25, 1978.
Louis R. Koerner, Jr., New Orleans, for plaintiff-appellee.
Porteous, Toledano, Hainkel & Johnson, Robert F. Lakey, New Orleans, for defendants-appellants.
Before LEMMON, BOUTALL and SCHOTT, JJ.
LEMMON, Judge.
This is a motion to dismiss defendants' devolutive appeal which was taken after defendants paid the amounts of the judgments in these two consolidated cases without expressly reserving the right to appeal.
On May 12, 1978 judgment was rendered by the trial court. On June 6, 1978 defendants' former counsel wrote a letter to his clients, informing them of the judgment and recommending an appeal. On June 12 defendants' counsel wrote to plaintiff's counsel, requesting a statement of interest and costs necessary to pay off the judgment. Plaintiff's counsel furnished the information in a June 21 letter, and on June 30 the checks were delivered by defendants to their counsel, who transmitted the checks to plaintiff's counsel. The petition for appeal was filed on July 11, 1978.
In an affidavit defendants' former counsel stated that prior to delivery of the *547 checks he verbally notified plaintiff's counsel of his intention to appeal, having received authority before June 30. Plaintiff's counsel, in brief, admits defendants' counsel had earlier advised that an appeal had been recommended, but denies any mention of appeal in a subsequent conversation in which execution by plaintiff was threatened.
C.C.P. art. 2085 provides that an appeal cannot be taken by a party who has voluntarily and unconditionally acquiesced in a judgment rendered against him. The issue before us is whether defendants' payment of the judgments under these circumstances constituted voluntary and unconditional acquiescence.
Payment of a judgment, even payment without express reservation of the right to appeal, does not necessarily constitute voluntary and unconditional acquiescence which forfeits a party's right to appeal under C.C.P. art. 2085. Charles C. Cloy Gen. Contractors, Inc. v. DiVincenti Bros., Inc., 308 So.2d 493 (La.App. 1st Cir. 1974). Acquiescence in a judgment is never presumed, and the party alleging abandonment must establish by direct or circumstantial evidence that the party now appealing intended to acquiesce and to abandon his right to appeal. Major v. Louisiana Dept. of Highways, 327 So.2d 515 (La.App. 1st Cir. 1976). Furthermore, appeals are favored in law, and forfeiture of a party's right to an appeal through acquiescence should be decreed only when the party's intention to acquiesce and to abandon his right of appeal is clearly demonstrated. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956).
In the present case the facts stated in plaintiff's brief indicate that defendants did not intend to abandon their right to appeal. Their former counsel notified plaintiff's counsel of his recommendation for an appeal prior to payment of the judgments, and the judgments were paid under threat of execution after the delay for a suspensive appeal had elapsed.
The motion is denied.
MOTION DENIED.