413 So.2d 1003 (1982)
Mark B. HOYT, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Defendant-Appellant.
No. 82-132.
Court of Appeal of Louisiana, Third Circuit.
April 26, 1982.
*1004 Thomas & Dunahoe, G. F. Thomas, Jr., Natchitoches, for plaintiff-appellant-appellee.
Gist, Methvin, Hughes & Munsterman, DeWitt T. Methvin, Jr., Alexandria, for defendant-appellee-appellant.
Brittain & Williams, Joe Payne Williams, Natchitoches, for defendants-appellees.
Before GUIDRY, CUTRER and DOUCET, JJ.
DOUCET, Judge.

MOTION TO DISMISS
The defendant-appellees, Reliance Insurance Company and the Natchitoches Parish Police Jury, move to dismiss the appeal of plaintiff-appellant, Mark B. Hoyt, and defendant-appellant, State Farm Mutual Automobile Insurance Company, on the grounds that the appellants have voluntarily and unconditionally acquiesced in the judgment thereby abandoning their right of appeal.
This suit arises from personal injuries sustained by plaintiff-appellant, Mark B. Hoyt, while riding as a passenger in a vehicle driven by David Johnson when it was involved in a head-on collision with a vehicle operated by Charles Williams. Mr. Williams was operating the vehicle while in the course and scope of his employment with the Natchitoches Parish Police Jury.
Named as defendants were the following: Natchitoches Parish Police Jury as the employer of Charles R. Williams, Reliance Insurance Company as the insurer of the Natchitoches Parish Police Jury and Charles R. Williams, and State Farm Mutual Automobile Insurance Company as the uninsured motorist carrier for the plaintiff, Mark B. Hoyt.
The matter was tried with the jury returning a verdict in favor of the plaintiff, Mark B. Hoyt, against defendant State Farm Mutual Automobile Insurance Company in their capacity as his uninsured motorist carrier. The jury further found in favor of the defendants, Reliance Insurance Company and the Natchitoches Parish Police Jury thereby dismissing the demands of plaintiff Mark B. Hoyt against these defendants.
From the judgment plaintiff-appellant, Mark B. Hoyt, and defendant-appellant State Farm Mutual Automobile Insurance Company perfected appeals to this court.
Defendants, Reliance Insurance Company and the Natchitoches Parish Police Jury filed a motion to dismiss both appeals alleging that the plaintiff-appellant, Mark B. Hoyt, and defendant-appellant, State Farm Mutual Automobile Insurance Company have voluntarily and unconditionally acquiesced in the judgment due to the alleged fact that the plaintiff-appellant has been paid by the defendant-appellant, State Farm Mutual Automobile Insurance Company all sums which he was entitled to under the judgment of the trial court.
As was stated in the recent case of Koerner and Lambert, A Professional Law Corporation v. Allstate Insurance Company, 363 So.2d 546 (La.App. 4th Cir. 1978):
"Payment of a judgment, even payment without express reservation of the right to appeal, does not necessarily constitute voluntary and unconditional acquiescence which forfeits a party's right to appeal under C.C.P. article 2085. Charles C. Cloy General Contractors, Inc. v. DiVincenti *1005 Bros., Inc., 308 So.2d 493 (La.App. 1st Cir. 1974) Acquiescence in a judgment is never presumed, and the party alleging abandonment must establish by direct or circumstantial evidence that the party now appealing intended to acquiesce and to abandon his right to appeal. Major v. Louisiana Department of Highways, 327 So.2d 515 (La.App. 1st Cir. 1976). Furthermore, appeals are favored in law, and forfeiture of a party's right to appeal through acquiesce should be decreed only when the party's intention to acquiesce and to abandon his right of appeal is clearly demonstrated. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956)."
In the instant case, the motion of co-defendants does not even allege any manifestation of an intention to abandon the right to appeal on the part of either the plaintiff or the defendant-appellant, State Farm Mutual Automobile Insurance Company. In the absence of factual allegations of such manifestation, the motion to dismiss the appeal has no merit.
Assuming that the appellants have by their actions abandoned their appeal against each other they would still have the right to appeal the jury dismissal of Reliance Insurance Company and the Natchitoches Parish Police Jury.
MOTION DENIED.