HOLMES, Judge.
This is a divorce case.
The wife appeals, contending that the trial court committed reversible error in allowing certain recorded telephone conversations to be admitted into evidence.
The record reveals that during the trial the parties reached an agreement as to the disposition of the issues. The trial judge stated, “they want to abort the trial and read it into the record.”
The agreement was read into the record, and a judgment by the trial court was entered pursuant to the agreement.
The following found in Porter v. Porter, 441 So.2d 921, 923 (Ala.Civ.App.1983), is dispositive of this appeal:
“An agreement reached in settlement of litigation is as binding on the parties as any other contract. Brocato v. Brocato, 332 So.2d 722 (Ala.1976). Moreover, there is a strong policy of law favoring compromises and settlements of litigation, especially in suits involving families, since the honor and peace of the family is often at stake. Western Grain Company Cases, 264 Ala. 145, 85 So.2d 395 (1955). If a party could repudiate an oral agreement which was stated in open court and orally approved by the court, it would inevitably have a chilling effect upon all settlements made the day of a trial, which is an effect clearly contrary to established policy favoring settlement among litigants.”
In effect, the wife, by attempting to have the case reversed for a prior evidentiary ruling by the trial court, is attempting to repudiate her agreement. This is not permitted in this instance.
Furthermore, consent decrees are generally not reviewable. 2 Ala. Digest, Appeal & Error, Key No. 125 (1982).
In any event, this case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.