809 So.2d 314 (2001)
Marc KNABEL and Melissa Knabel, Individually and on Behalf of Their Minor Child, Megan Knabel
v.
Charles A. LEWIS, II, R.M. Green & Sons Seafood Company and Canal Insurance Company.
No. 2000 CA 1464.
Court of Appeal of Louisiana, First Circuit.
September 28, 2001.
Writ Denied March 8, 2002.
*316 Camille A. Morvant, II, Daniel A. Cavell, Michael S. Zerlin, Thibodaux, for PlaintiffsAppellants Melissa Knabel and Megan Knabel.
William A. Porteous, III, New Orleans, for DefendantsAppellees Charles A. Lewis, II, R.M. Green & Sons Seafood Company, and Canal Insurance Company.
Before: FOGG, GUIDRY, and SHORTESS,[1] JJ.
FOGG, J.
In this personal injury action, the salient issues raised on appeal concern causation and quantum. For the following reasons, we amend, in part, and affirm.
On October 13, 1996, Charles Alan Lewis, II, while attempting to negotiate a turn, backed his 18-wheeler truck into a vehicle in which Melissa Knabel was a passenger. Knabel filed suit for damages against Lewis, Lewis' employer, and Lewis' employer's insurer, Canal Insurance Company. Lewis' employer stipulated to liability. After a trial on the merits, the jury returned a verdict, awarding Knabel $20,000 for past medical expenses, $40,000 for future medical expenses, $60,000 for loss of earning capacity, and $35,000 for past and future pain and suffering. Judgment in accordance with the jury verdict was rendered on December 2, 1999. Knabel appealed, and Canal answered the appeal.

PRELIMINARY ISSUES
Initially, Canal contends Knabel's appeal should be dismissed. Canal alleges Knabel's acceptance of funds in partial satisfaction of her claim was an acquiescence that waived any right to appeal the damage award. We disagree.
Appeals are favored in law, and forfeiture of a party's right to an appeal through acquiescence should be decreed only when the party's intention to acquiesce and to abandon his right of appeal is clearly demonstrated. Kendrick v. Garrene, 231 La. 462, 91 So.2d 603 (1956); Koerner & Lambert v. Allstate Ins. Co., 363 So.2d 546 (La.App. 4 Cir.1978). Canal offers no evidence of Knabel's intent to acquiesce. In fact, the partial satisfaction specifically states that "no party has waived any appellate rights in this matter," clearly evidencing an intent to maintain appellate rights.
Canal also asserts the trial court erred in ruling certain documents were not admissible. Canal asserts credibility was a central issue at trial and loan documents executed by Knabel were relevant to show high debt as motive for exaggerating her claims. However, Canal did not proffer the excluded documents. Accordingly, there is nothing for this court to review. See LSA-C.E. art. 103(A)(2); LSA-C.C.P. art. 1636.
Finally, Canal asserts error in the jury charge. At trial, Canal alleged Knabel's health care providers were negligent when giving Knabel injections in her hip, and their negligence increased Knabel's damages. Canal objected to the charge instructing the jury that "defendants are liable for injuries they directly caused to the plaintiff, but are also liable for the *317 plaintiff's additional damages caused by inappropriate treatment by a doctor, nurse or hospital staff member who treats injuries directly caused by the defendants," in accord with Weber v. Charity Hosp. of Louisiana at New Orleans, 475 So.2d 1047 (La.1985). Canal asserts the inclusion of a Weber jury charge was error in light of the 1996 amendment to LSA-C.C. art. 2323 and our recent decision in Bell v. Ayio, 97-0534 (La.App. 1 Cir. 11/13/98), 731 So.2d 893, writ denied, 98-3115 (La.2/5/99), 738 So.2d 7.
In 1996, LSA-C.C. art. 2323 was amended and now provides for the quantification of fault of all persons causing loss, even nonparties. In Bell, we held, in light of the amendment, the trial court committed legal error by failing to quantify the fault of a fellow student in a suit by one student's parents against the school board and a bus driver. Bell, 97-0534 at pp. 3-4, 731 So.2d at 896-897.
We find Bell distinguishable. The actions by the joint tortfeasors in Bell required the quantification of each tortfeasor's fault. However, in the instant case, Canal is 100% liable for Knabel's injuries, as the duty of an original tortfeasor not to injure a victim includes the risk that subsequent injury would result from inappropriate treatment by medical professionals who treat the injuries directly caused by the tortfeasor. See Weber, 475 So.2d at 1050. There is no additional percentage of fault by another to quantify. It was not error to charge the jury concerning Canal's liability for any negligent acts by Knabel's health care providers in their treatment of Knabel for injuries she sustained as a result of this accident.

DAMAGES
Knabel asserts the jury's awards are abusively low, and the jury erred in failing to award her any amount for past lost wages.
A trier of fact has much discretion in the assessment of damages in tort cases. LSA-C.C. art. 2324.1. A reviewing court should not set aside an award of special damages unless an analysis of the facts and circumstances reveals an abuse of discretion in setting the award. Busby v. St. Paul Ins. Co., 95-2128 (La.App. 1 Cir. 5/10/96), 673 So.2d 320, writ denied, 96-1519 (La.9/20/96), 679 So.2d 443. In awarding general damages, this discretion has been described as great, and even vast. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). An appellate court's role in reviewing a damage award is not to decide what it considers to be an appropriate award, but to review the exercise of discretion by the trier of fact, considering the particular injuries and their effects, under the particular circumstances, on the particular injured person. Youn, 623 So.2d at 1260.
Future medical expenses by their nature are incapable of precise measurement. Thus, much discretion shall be left to the trial court for the reasonable assessment of those damages. LSA-C.C. art. 1999. Awards for loss of future earning capacity are inherently speculative and are intrinsically insusceptible of being calculated with mathematical certainty. Therefore, the trier of fact is given much discretion in fixing these awards. Grayson v. R.B. Ammon & Assoc., Inc., 99-2597 (La. App. 1 Cir. 11/3/00), 778 So.2d 1, writs denied, XXXX-XXXX, XXXX-XXXX (La.1/26/01), 782 So.2d 1026, 1027.
Immediately before the accident, Knabel was asleep in the front passenger seat, with her left leg propped on the dash. Upon impact, she hit her head on the headrest. She complained of a headache *318 and nausea, and she was transported to a local hospital. At the hospital, she received an injection in her hip for nausea. When her nausea and vomiting continued the next day, she consulted a physician at her family clinic and received two or three additional injections in her hip.
Approximately ten days after the accident, she consulted Dr. William Dear, a chiropractor. Dr. Dear's diagnosis was headache, neck injury, lumbar sprain/ strain, cervicodorsal syndrome, thoracic spine pain, and muscle spasms. Knabel testified she went to Dr. Dear because of pain in her left leg and hip, lower back, neck and head. Dr. Dear treated her with electrical stimulation, cold and hot packs, and manipulation. She saw Dr. Dear for approximately three weeks.
When her condition did not improve, she went to Dr. Del Walker, an orthopedic surgeon. Knabel's chief complaint to Dr. Walker was pain in the tailbone area, left hip and upper left leg area. Dr. Walker conducted numerous diagnostic tests and concluded Knabel suffered from a compressed or stretched nerve in the hip area. When her condition did not improve, a surgical procedure on the left buttocks was performed to release pressure on the sciatic nerve.
Because surgery was not successful in eliminating her left leg pain, Knabel consulted Dr. William H. Kinnard, an orthopedic surgeon. Knabel reported to Dr. Kinnard that her left leg gives out, causing her to fall. She related these falls to her injuries from the October 13, 1996 accident. Dr. Kinnard testified concerning Knabel's numerous falls since the accident. He diagnosed Knabel with chronic pain and testified that Knabel's prognosis for recovery is quite poor. Dr. Kinnard stated Knabel is limited to sedentary or light work.
Dr. Jimmy N. Ponder, an anesthesiologist, also diagnosed Knabel with chronic pain and opined that Knabel would be a good candidate for a spinal stimulator to decrease pain. Dr. Ponder stated the cost of a temporary device ranged from $10,000 to $20,000; if the temporary device was successful, a permanent implant would cost between $20,000 and $30,000.
Knabel testified she still suffers from left leg pain and takes pain medication daily. She testified she completed cosmetology school in 1994 and worked in that field before the accident. She stated she planned to return to the profession at the time of this accident. Although she signed an employment contract and attempted part-time work after the accident, she discontinued work because of pain and on the advice of her physicians. Evidence established she earned $732 in 1994, $0 in 1995, $0 in 1996 before the accident, and $1,008 in 1996 after the accident.
Allen L. Crane, a vocational rehabilitation counselor, testified that, as a result of this accident, Knabel lost $50,000 in past lost wages. He opined that her future lost earning capacity is $280,000, based on a loss in annual salary of $14,000 for approximately twenty-one years. Crane noted these figures were not discounted to present value.
Considering the evidence as a whole, we find no abuse to the jury's discretion in its award of $20,000 in past medical expenses. While Knabel presented the jury with medical bills totaling $34,187, included in that amount were bills incurred for medical treatment unrelated to Knabel's October 13, 1996 accident. Nor do we find any abuse in the $40,000 award for future medical expenses, as this figure is well within the range testified to by Dr. Ponder.
We likewise find no abuse of discretion in the jury's award of $60,000 to Knabel for loss of future earning capacity. On *319 review, we find the record amply supports the award. We note the verdict form did not include past lost wages as an element of damage for the jury to consider. Knabel failed to object to the verdict form; therefore, this issue is waived. See LSA-C.C.P. art. 1812; Sutton v. Lambert, 94-2301 (La.App. 1 Cir. 6/23/95), 657 So.2d 697, writ denied, 95-1859 (La.11/3/95), 661 So.2d 1384.
Next, we consider the $35,000 award for past and future pain and suffering. Based on the evidence presented, including Knabel's past surgery and the anticipation of and award for future surgery, we find that the jury's award of $35,000 for pain and suffering was an abuse of discretion. We find that an award of $75,000 is the lowest amount reasonably within the jury's discretion for the injuries sustained by Knabel.

EXPERT FEES
Knabel also asserts the trial court abused its discretion in its award of expert witness fees. The December 2, 1999 judgment contains no award of expert witness fees. We decline to consider issues not determined by the judgment before us on appeal.[2]See McCoy v. Stadler, 99-1747 (La.App. 1 Cir. 9/22/00), 770 So.2d 447.

CONCLUSION
For the foregoing reasons, we amend the judgment of the trial court to increase Knabel's award to $195,000. Costs of this appeal are assessed against Canal Insurance Company.
AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] Retired Judge Melvin A. Shortess is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The record on appeal contains an order for Canal to show cause on June 15, 2000 why expert fees should not be set; however, neither a transcript of that proceeding, nor any ruling from it, is included in the record before us.