# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

# 08-1065

RICKY THIBODEAUX, ET AL.

VERSUS

EVANGELINE PARISH SCHOOL BOARD, ET AL.

************

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-C-2589-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

************

# MARC T. AMY
# JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and Marc T. Amy, Judges.

**MOTION TO DISMISS APPEAL DENIED.**

Harold J. Adkins
Jon Keith Guice
Hammonds & Sills
Post Office Box 65236
Baton Rouge, LA  70896
(225) 923-3462
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Evangeline Parish School Board, Louisiana Public Schools Risk
    Management Agency, Inc.

Katherine M. Loos
Briney & Foret
Post Office Drawer 51367
Lafayette, LA   70505
(337) 237-4070
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Lawrence P. Broussard, Laidlaw Transit, Inc., and Laidlaw Transit
    Management

**Patrick C. Morrow, Sr.**
**Morrow, Morrow, Ryan & Bassett**
**Post Office Box 1787**
**Opelousas, LA  70571**
**(337) 948-4483**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
  **Ricky Thibodeaux, individually, and on behalf of his minor child,**
  **Mindy Thibodeaux, and Brenda Quirk, individually, and on behalf of**
  **her minor child, Gearra Quirk**

AMY, Judge.

The plaintiffs-appellees, Ricky Thibodeaux, individually, and on behalf of his minor child, Mindy Thibodeaux, and Brenda Quirk, individually, and on behalf of her minor child, Gearra Quirk, move to dismiss the appeal of the defendants-appellants, Lawrence P. Broussard, Laidlaw Transit, Inc., and Laidlaw Transit Management, based on the failure of the defendants to appear or file oppositions to the plaintiffs' motion to enforce a settlement/compromise. For the reasons assigned, we deny the motion to dismiss the appeal.

In the plaintiffs' motion to dismiss, plaintiffs contend that the defendants' failure to appear, file oppositions, or to object to the form of the judgments from which this appeal has been taken, means that the defendants voluntarily and unconditionally acquiesced in the judgments being appealed. Louisiana Code of Civil Procedure Article 2085 provides in pertinent part that "[a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." This court has held the following:

> Acquiescence in a judgment is never presumed, and the party alleging abandonment must establish by direct or circumstantial evidence that the party now appealing intended to acquiesce and to abandon his right to appeal. *Major v. Louisiana Department of Highways*, 327 So.2d 515 (La.App. 1st Cir. 1976). Furthermore, appeals are favored in law, and forfeiture of a party's right to appeal through acquiesce[nce] should be decreed only when the party's intention to acquiesce and to abandon his right of appeal is clearly demonstrated. *Kendrick v. Garrene*, 231 La. 462, 91 So.2d 603 (1956).

*Hoyt v. State Farm Mut. Auto. Ins. Co.*, 413 So.2d 1003, 1005 (La.App. 3 Cir. 1982), (quoting *Koerner & Lambert, A Prof. Law Corp. v. Allstate Ins. Co.*, 363 So.2d 546 (La.App. 4 Cir. 1978)), *writ denied*, 423 So.2d 1180 (La.1982).

Here, the evidence presented by the plaintiffs does not clearly demonstrate an acquiescence in the judgments being appealed by the defendants. Although the plaintiffs allege that the defendants' failure to appear, to submit oppositions, or to

object to the form of the judgments has resulted in the defendants' unconditional acquiescence, we do not find that the above-mentioned alleged deficiencies in the defendants' prosecution of their defense support a finding that they have "voluntarily and unconditionally acquiesced in [the] judgment rendered against [them]." La.Code Civ.P. art. 2085. Additionally, the defendants have filed an opposition indicating that they were not advised of the deficiencies in the prosecution of their defense. The defendants also argue that they will suffer irreparable harm should their appeal be dismissed. The record shows that defendants answered the plaintiffs' original and amended petitions, and the record is devoid of any indication that the defendants have voluntarily and unconditionally acquiesced. Accordingly, we deny the motion to dismiss.

**MOTION TO DISMISS APPEAL DENIED.**