784 So.2d 830 (2001)
Charles FUSELIER,
v.
KAOUGH & ASSOCIATES.
No. 00-1750.
Court of Appeal of Louisiana, Third Circuit.
May 2, 2001.
H. Douglas Hunter, Guglielmo, Lopez & Tuttle, Opelousas, LA, Counsel for Kaough & Associates.
Kevin Louis Camel, Cox, Cox & Filo, Lake Charles, LA, Counsel for Charles Fuselier.
Court composed of WOODARD, AMY and PICKETT, Judges.
AMY, Judge.
The claimant filed this workers' compensation action seeking approval for surgery *831 he contends is necessitated by a workrelated accident. The employer alleged that the claimant forfeited his right to workers' compensation benefits due to misrepresentations regarding prior injuries. Following a hearing, the workers' compensation judge ruled in favor of the claimant, awarding the surgery. The employer appeals. For the following reasons, we affirm.

Factual and Procedural Background
Charles Fuselier contends that, in October 1997, he was seated in the passenger seat of his employer's parked vehicle at the time it was struck by another truck. Mr. Fuselier reported to the emergency room of Moss Regional Medical Center the following day. The emergency room flow sheet indicates that Mr. Fuselier complained of lower back and neck pain. The claimant began treatment with Dr. Mohammed Sarwar, a doctor of internal medicine, who diagnosed Mr. Fuselier with whiplash secondary to trauma. Further testing eventually revealed an osteophyte at the C5-C6 level. In November 1998, Dr. Dale Bernauer, an orthopedic surgeon, recommended a discectomy and fusion to relieve the cervical problem. The employer's choice of specialist, Dr. Troy Vaughn, reported after testing performed in January-May 1999, that he felt Mr. Fuselier should be treated with selective nerve root blocks prior to surgical intervention.
In May 1999, Mr. Fuselier filed a Disputed Claim for compensation asking that the employer be ordered to provide the anterior cervical fusion recommended by Dr. Bernauer. He also sought penalties and attorney's fees for the employer's alleged refusal to pay the correct compensation rate and also for the failure to authorize the surgery. Following the filing of the disputed claim form, an independent medical evaluation was performed in October 1999 by Dr. Clark Gunderson, also an orthopedic surgeon, who agreed with Dr. Bernauer that surgery was indicated.
The employer responded to the claim, alleging that the benefits sought were forfeited by the operation of La.R.S. 23:1208. At the hearing on the matter, the employer attempted to demonstrate that Mr. Fuselier failed to report prior injuries to his physicians. It also contends that at the time of his deposition, taken on April 23, 1998, he misrepresented whether he had sustained prior injuries, facts surrounding a prior workers' compensation claim, and facts surrounding a suit filed on his behalf after a slip and fall accident.
The workers' compensation judge ruled in favor of the claimant, awarding the surgery. The judge concluded that, at the time the request for surgery was made, Mr. Fuselier had not made the misrepresentations of which the employer complained.[1] There was no finding that the defendant failed to reasonably controvert the necessity of the procedure. Thus, no penalties or attorney's fees were awarded.
The employer appeals, arguing that the workers' compensation judge erred in concluding that the employee's misrepresentations did not violate La.R.S. 23:1208. In his brief to this court, Mr. Fuselier seeks an award of penalties and attorney's fees, contending that the employer failed to provide the surgery prior to any misrepresentations being made or discovered by the employer.

*832 Discussion
The employer contends that Mr. Fuselier repeatedly misrepresented his history of prior injuries, resulting in the forfeiture of benefits and that the representations were made prior to the May 1999 filing of the Disputed Claim for Compensation. It points out that the majority of the misrepresentations complained of occurred during Mr. Fuselier's April 1998 deposition, and that information of prior history was withheld from Dr. Bernauer in August 1998 and Dr. Vaughn in January 1999.
At issue here is whether misrepresentations or the failure to report complained of by the employer fit within the forfeiture provisions of La.R.S. 23:1208, which provides, in part:
§ 1208. Misrepresentations concerning benefit payments; penalty
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
. . . .
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
In Resweber v. Haroil Const. Co., 94-2708, p. 7 (La.9/5/95); 660 So.2d 7, 12, the Louisiana Supreme Court explained that the only requirements for the forfeiture of benefits due to La.R.S. 23:1208 are that "(1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment."
After presenting in its statement of the case the misrepresentations asserted, the defendant contends in its brief to this court that: "The majority of the misrepresentations relied upon were found in Mr. Fuselier's deposition, taken on April 23, 1998. Further misrepresentations were made to Dr. Bernauer at his initial evaluation, August 24, 1998. Similar misrepresentations were made to the employer's physician, Dr. Troy Vaughn on January 11, 1999." Since, according to the defendant, all of these events occurred prior to the filing of the Disputed Claim for Compensation on May 3, 1999, the trial court erred as a matter of law in finding that the misrepresentations occurred prior to the request for surgery. It contends that, on review, we do not consider whether the trial court's determination was clearly wrong or manifestly erroneous, the standard of review applicable to a trial court's factual findings regarding forfeiture. See Jones v. Trendsetter Prod. Co., Inc., 97-299 (La.App. 3 Cir. 2/25/98); 707 So.2d 1341, writ denied, 98-0793 (La.5/15/98); 719 So.2d 463; Derouen v. C & D Prod. Specialist, 98-57 (La.App. 3 Cir. 6/3/98); 718 So.2d 460.
The approach taken by the Office of Workers' Compensation regarding the timing of misrepresentation may not have been the clearest route to the question of forfeiture. In Resweber, 94-2708, 94-3138, p. 10; 660 So.2d at 14, the Louisiana Supreme Court clearly stated that "Section 1208 applies to any false statement or misrepresentation, including one concerning a prior injury, made willfully by a claimant for the purpose of obtaining benefits, and thus is generally applicable once an accident has occurred and a claim is being made." Accordingly, the question is not whether any allegedly false statements were made prior to or after the claim for surgery was made. Nor is it whether the claim referred to by the workers' compensation judge was a request by the employee or the filing of the official disputed *833 claim form being filed. Rather, applying the factors described in Resweber, it is whether the employer adequately demonstrated that any willfully made false statements/misrepresentations were made for the purpose of obtaining benefits under the workers' compensation chapter. Nevertheless, after review of the record, we conclude that the workers' compensation judge's determination that the employer failed to demonstrate the claimant's forfeiture of benefits is consistent with the record.
The alleged misrepresentations occurring early in the history of the proceedings included Mr. Fuselier's reporting to both Dr. Bernauer and Dr. Vaughn that he had no prior neck injuries. While the claimant may have reported a lack of any such injuries, there is no compelling evidence presented by the employer indicating that he had, in fact, ever sustained an injury of this nature of such a quality that a patient would feel it either appropriate or necessary to report it to the physicians. The evidence produced by the employer in this regard was a petition filed in 1988 instituting a suit for damages related to a slip and fall accident he suffered. The petition alleges injuries to his neck and back. The claimant, however, testified that he never knew suit was filed after the incident and denied having sustained this type of injury. No medical records were produced from that period indicating that he had, indeed, sustained neck injuries. Rather, the emergency room record from the visit on August 31, 1988, the date of the slip and fall at issue in the petition, indicates only complaints of back pain.
For the most part, the employer's argument presumes that a claimant is subject to forfeiture unless his or her history is reported to the physician in an all encompassing fashion, regardless of what the physician may be asking for or what the employee may believe the physician is asking for. Such a technical interpretation of the statute, or the jurisprudence, ignores the reality of a claimant's position, a claimant who may be lacking in education or a sophisticated understanding of the physician's questions. Additionally, the employee may feel that seemingly unexceptional aches, pain, or ailments experienced in the past could in no way be related to the information sought by the physician. For instance, in this case, during Mr. Fuselier's testimony he was questioned by the defendant's employer regarding a visit to the emergency room that he failed to reveal during his 1998 interview. When asked about the 1994 injury that occurred "picking up a garbage can at work injuring [his] low back[,]" Mr. Fuselier responded: "Come on. What's that got to do with this?" Many of the claimant's other emergency room visits that went unreported were for similar injuries, unrelated to the neck complaints sought to be remedied by the requested surgery. Applying the requirements of La.R.S. 23:1208 outlined in Resweber, the trial court was free to conclude that employer failed to prove that any misrepresentations made, even if willful, were made with the intent to obtain workers' compensation benefits.
Furthermore, some of the misrepresentations allegedly made were not related to complaints of neck pain, but dealt with what the employer alleges was inconsistent reporting of the particulars of the October 1997 accident or the injuries sustained at that time. Also, the representations included whether prior complaints of back pain should have been reported, the accuracy of the date of a prior workers' compensation claim disclosed by the claimant, and what is argued to be inconsistent, incomplete, or misleading reporting of injuries sustained in the years prior to the work-related accident at issue. The majority of these representations/statements *834 may very well be important for credibility determinations and determinations regarding issues of reasonable controversy or arbitrariness. However, they are not of such a quality to require the workers' compensation judge to conclude that any misrepresentations were related to the neck treatment sought and, therefore, sufficient for forfeiture, i.e., were made for the purpose of obtaining benefits.
Finding no error in the judge's determination, we find the employer's assignment of error without merit.

Penalties and Attorney's Fees
The claimant asks this court to impose penalties and attorney's fees as he contends that the necessity of the surgery was not reasonably controverted by the employer. However, there is no evidence in the record that the claimant has either filed an appeal in this matter or timely answered the employer's appeal as is required by La.Code Civ.P. art. 2133. As this claim is not properly before this court as required by the Code of Civil Procedure, we do not reach consideration of the argument. See City of Jennings v. Deshotel, 99-1232 (La.App. 3 Cir. 2/2/00); 758 So.2d 269, writ denied, 00-0653 (La.4/20/00); 760 So.2d 1157.

DECREE
For the foregoing reasons, the decision of the Office of Workers' Compensation is affirmed. All costs of this appeal are assessed to the appellant, Kaough & Associates.
AFFIRMED.
NOTES
[1] In oral reasons for ruling, the workers' compensation judge stated:

The Court finds that at the time of the request of the surgery the claimant herein had not made the misrepresentations. Therefore, the claimant does not forfeit his right to benefits as a result of his failure to disclose his prior medical history. See Roy LeDet versus Burger King, 99-1380, Court of Appeal of Louisiana, Third Circuit, April 26th, 2000.