# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 03-0590

**BLANE DEVILLIER TRUCKING, INC.**

**VERSUS**

**ANTHONY J. AUTHEMENT**

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - #3
PARISH OF CALCASIEU, NO. 00-05430
HONORABLE CHARLOTTE L. BUSHNELL,
WORKERS' COMPENSATION  JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Ned E. Doucet, Jr., Chief Judge, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

**Marcus M. Zimmerman**
**910 Ford Street**
**Lake Charles, LA 70601**
**(337) 433-1414**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Anthony J. Authement**

**Thomas J. Solari**
**Woodley, Williams, Boudreau, Norman, Brown & Doyle, L.L.C.**
**Post Office Box 3731**
**Lake Charles, LA 70602-3731**
**(337) 433-6328**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Blane Devillier Trucking, Inc.**

AMY, Judge.

In this workers' compensation matter, the employer alleges that the claimant employee committed fraud in violation of La.R.S. 23:1208 and seeks reimbursement for benefits paid. The workers' compensation judge determined that the claimant had violated La.R.S. 23:1208 for the purpose of obtaining workers' compensation benefits by willfully making false statements about his prior medical history. The claimant appeals, asserting that the workers' compensation judge committed manifest error in determining that a violation of La.R.S. 23:1208 occurred and in denying his claim for attorney's fees due to the employer's alleged arbitrary and capricious denial of benefits. The employer answered the appeal, contending that the workers' compensation judge erred in failing to order the claimant to reimburse the employer for benefits paid and further arguing that the appeal is frivolous per La.Code Civ.P. art. 2164. We affirm.

**Factual and Procedural Background**

Anthony Authement, the claimant herein, began working for Blane Devillier Trucking, Inc., in Lake Charles in December 1999, as a driver. His duties primarily consisted of transporting rice back and forth from a rice mill to the port of Lake Charles. On one such delivery that took place on May 2, 2000, Mr. Authement was using a pallet bar in an effort to spread pallets around the bed of his truck when the bar slipped. Mr. Authement fell backwards, landing half-on, half-off of the truck. The record shows that over the course of the following two months, Mr. Authement visited several doctors complaining primarily of back pain that radiated into his legs. Authement's orthopedist, Dr. James Perry, ordered an MRI, which showed a herniated lumbar disc.

As part of the process of disbursing workers' compensation benefits, Devillier's insurance adjuster, Ms. Linda Blount, provided Mr. Authement with a packet of questionnaires and assorted documents that he was to complete and return. The adjuster testified at trial that in the course of this information-gathering process, she received a document from the Marine Index Bureau indicating that Mr. Authement had fallen and hurt his back in 1985 while working for Cameron Offshore, Inc., against whom he subsequently filed suit. That suit was later settled. The adjuster explained that upon receipt of this information, she took two recorded statements from Mr. Authement in which she questioned him about prior back injuries. She noted that he categorically denied any and all prior problems with his back. Moreover, the adjuster obtained Mr. Authement's medical records from local physicians dating from before the accident at Devillier, which showed numerous trips to the emergency room in which Mr. Authement presented complaints of severe back pain radiating into the legs. The adjuster notified Devillier, who promptly terminated Mr. Authement's workers' compensation benefits. Devillier filed a disputed claim with the Office of Workers' Compensation, seeking validation of its action to terminate. In addition, Devillier requested reimbursement for the benefits they had paid out on Mr. Authement's behalf.

The workers' compensation judge found in favor of Devillier, concluding that Mr. Authement had committed fraud for the purpose of obtaining workers' compensation benefits in violation of La.R.S. 23:1208 by making false statements in which he denied prior back injuries. However, the workers' compensation judge did not grant Devillier's request for reimbursement.

In the instant appeal, Mr. Authement has designated the following assignments of error:

1. The [workers' compensation judge] committed manifest error in finding that claimant violated La.R.S. 23:1208, and thus forfeiting all of his workers' compensation benefits.

2. The [workers' compensation judge] committed manifest error in denying the [claimant's] request for attorney fees.

Devillier's answer to the appeal contains a single assignment of error, namely that the workers' compensation judge committed manifest error in failing to require the claimant to reimburse Devillier for all benefits received. In addition, Devillier argues that the instant appeal on behalf of the claimant is frivolous.

**Discussion**

*Violation of La.R.S. 23:1208*

Mr. Authement contends that the workers' compensation judge committed manifest error in her determination that he had committed fraud for the purpose of receiving workers' compensation benefits in violation of La.R.S. 23:1208. He argues that the evidence produced at the disputed-claim hearing shows that he did not intentionally make false or misleading statements to the insurance adjuster or to anyone else. He claims that, as an unsophisticated person with an eighth-grade education, he did not comprehend fully that when he was asked about "prior back injuries," the question encompassed any and all problems that he had experienced with his back before the accident at Devillier. He asserts that his misstatements were not illustrative of the type of fraudulent activity contemplated by La.R.S. 23:1208. In his appeal, Mr. Authement prays for reinstatement of benefits from the date of their termination, with legal interest and attorney fees.

Pursuant to the Louisiana Supreme Court's decision in *Smith v. Louisiana Dept. of Corrections*, 93-1305 (La. 2/28/94), 633 So.2d 129, appellate courts are to review factual determinations made by workers' compensation judges under the manifest

error—clearly wrong standard. Furthermore, the supreme court has consistently held that when a trial court's findings of fact are based on determinations as to witnesses' credibility, the manifest error—clearly wrong standard of review dictates that appellate courts should not disturb a workers' compensation judge's "reasonable evaluations of credibility and reasonable inferences of fact ... where conflict exists in the testimony." *Smith*, 633 So.2d 129 at 132.

> Louisiana Revised Statutes 23:1208 provides, in pertinent part:
>
> A.  It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
>
>     . . . .
>
> E.  Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

The Louisiana Supreme Court has interpreted La.R.S. 23:1208 as providing for the forfeiture of workers' compensation benefits when a claimant (1) makes a false statement or representation; (2) that statement or representation is willfully made; and (3) the false statement or representation is made for the purpose of obtaining or defeating any benefit or payment. *Resweber v. Haroil Const. Co.*, 94-2708 (La. 9/5/95), 660 So.2d 7.

In her written reasons for judgment, the workers' compensation judge outlined her findings of fact as follows:

> Claimant testified that he did not disclose prior back problems because he did not miss any work from the previous injuries/illnesses. This information was incorrect. Claimant's comments were not inadvertent, he did not appear to be forgetful, and claimant simply did not provide accurate information.

4

The workers' compensation judge did not list any other factual findings as contributing to her decision that Mr. Authement had violated La.R.S. 23:1208, thereby forfeiting workers' compensation benefits.

Mr. Authement urges this court to reverse the workers' compensation judge's determination that he violated La.R.S. 23:1208, citing *Palmer v. Schooner Petroleum Services*, 02-397 (La.App. 3 Cir. 12/27/02), 834 So.2d 642, *writ denied*, 841 So.2d 802 (La. 4/21/03), in support of the proposition that his misstatements do not fall within the scope of fraud contemplated by La.R.S. 23:1208. *Palmer* is distinguishable from the matter on appeal herein. In *Palmer*, an employee claimed disability following a work-related injury, and the employer surreptitiously videotaped him engaged in certain activities which tended to show that he was not completely disabled. This court held that the variance between the employee's testimony as to the things which he could do and those activities shown on the videotapes was not the type of fraud envisioned by La.R.S. 23:1208. *Palmer*, 834 So.2d at 649. However, in the case before us, the dispute does not focus on misstatements as to the claimant's present capabilities; instead, the crux of this matter is whether he made false statements regarding past injuries, which *is* a type of fraud contemplated by La.R.S. 23:1208. *See, e.g., KLLM, Inc. v. Reed*, 00-295 (La.App. 3 Cir. 10/11/00), 771 So.2d 728.

Mr. Authement further argues that because he has an eighth-grade education and is unsophisticated, he was confused as to what constituted a "prior injury" for purposes of the workers' compensation questionnaires and the insurance adjuster's inquiries. He directs this court's attention to *Fuselier v. Kaough & Associates*, 00-1750 (La.App. 3 Cir. 5/2/01), 784 So.2d 830, and *Murphy v. Brookshire Grocery Co.*, 02-808 (La.App. 3 Cir. 12/11/02), 832 So.2d 1157, in which employers challenged

5

employees' statements regarding prior injuries as fraudulent in light of their actual medical histories. However, we note that in *Fusilier*, the employee's past and on-the-job injuries were to different parts of his body, and in *Murphy*, the employee had always been forthcoming about having been in an accident, and the workers' compensation judge found her a credible witness.

When we review the record and the judgment pursuant to the manifest error—clearly wrong standard set forth in *Smith v. Louisiana Dept. of Correction*, we find that the evidence reasonably supports the workers' compensation judge's determination that the claimant made false statements for the purpose of obtaining workers' compensation benefits in violation of La.R.S. 23:1208.

Mr. Authement argues on appeal that his credibility is not an issue for consideration at trial because Devillier's insurance adjuster conceded that he had been injured on the job and that he was disabled as a result. Therefore, he claims, his misstatements about his prior injuries have no bearing on whether or not he should receive workers' compensation benefits.

An examination of the record in the instant matter reveals that on the Second Injury Fund questionnaire provided by the insurance adjuster, Mr. Authement marked "no" next to the box asking, "Have you ever injured or had trouble with your back?" The record also reflects that the claimant read and signed a document informing him that false statements made for the purpose of obtaining workers' compensation benefits will result in a forfeiture of those benefits. Ms. Linda Blount, the adjuster for Devillier's workers' compensation insurer, testified at the disputed-claim hearing that she had conducted two recorded interviews with Mr. Authement and that she had asked him several times and in several different ways whether he had experienced back problems of any kind before he was injured on the job, and each time, he

6

responded in the negative. However, Mr. Authement testified at trial that he had, in fact, suffered prior back injuries. At the disputed-claim hearing on the matter, he explained that on several occasions, he had gone to the emergency room, complaining of severe back pain that radiated into his legs, most of which occurred in the year prior to his on-the-job accident. The record shows that Mr. Authement's back had been injured in the accident with Cameron Offshore that produced the lawsuit; in August of 1999, he had injured his back in a boating accident and complained to emergency room staff of the same sort of pain as in the present incident; in April, 1999, he had injured his back while attempting to lift a lawnmower. The record likewise shows that the pain stemming from his August 1999 boating accident was so severe that he missed nearly two months of work as a result.

In his deposition, Mr. Authement stated that he had not told anyone of his prior back problems because he did not think that a pulled muscle or back strain constituted an injury. However, the medical records obtained by the insurance adjuster show that in the months before Mr. Authement was injured on the job, he had visited local emergency rooms on several occasions complaining of the same type of lower back pain of which he complained after this accident. Interestingly, the doctors' forms list "disc disease" in the spaces provided for patient medical history. Mr. Authement claims in his testimony that he was unaware that he had been diagnosed with disc disease, but Plaintiff's Exhibit 14, the deposition of Dr. Primeaux, indicates that the doctor had discussed this diagnosis with him on September 10, 1999, and the fact that this diagnosis appeared in his patient history before the occurrence of the accident herein could have factored into the workers' compensation judge's determination.

The workers' compensation judge's written reasons indicate that the claimant's credibility was a consideration in the conclusion that he had committed fraud in

7

violation of La.R.S. 23:1208. Based on a thorough review of the record, we do not find that the workers' compensation judge committed manifest error or was clearly wrong in her determination. She was allowed to view Mr. Authement in person and to hear his responses to questions posed by both his and Devillier's attorneys. She had access to his prior statements and medical records that had been admitted into evidence. The record evinces discrepancies between Mr. Authement's medical records, which indicate that he has sustained injuries similar to the instant matter, and his answers to the insurance adjuster. The workers' compensation judge could have determined that even without a high-school education, Mr. Authement was able to understand the object of the question when he was asked about past back problems. The workers' compensation judge could have found that Mr. Authement was able to deduce that these past problems were, in fact, "injuries," which could have led her to determine that a forfeiture of benefits was justified. This assignment is without merit.

*Attorney's Fees*

The claimant argues that the workers' compensation judge erred in denying his request for attorney's fees due to Devillier's arbitrary and capricious denial of workers' compensation benefits. However, this court has held that after La.R.S. 23:1208 has been found to apply and benefits have been forfeited, any remaining controversy as to arbitrary and capricious denial of benefits is moot. *See Gardner v. Nabors Offshore Corp.*, 01-0773 (La.App. 3 Cir. 11/21/01), 800 So.2d 412, *citing KLLM, Inc., v. Reed*, 771 So.2d 728. Therefore, we do not discuss this assignment of error.

*Reimbursement*

8

Devillier prays for a reversal of the workers' compensation judge's denial of reimbursement. Devillier's argument is predicated upon La.R.S. 23:1208 (D), which provides as follows:

> In addition to the criminal penalties provided for in Subsection C of this Section, any person violating the provisions of this Section may be assessed civil penalties by the workers' compensation judge of not less than five hundred dollars nor more than five thousand dollars, and may be ordered to make restitution. Restitution may only be ordered for benefits claimed or payments obtained through fraud and only up to the time the employer became aware of the fraudulent conduct.

In *Rhone v. Boh Bros.*, 01-0270, pp. 6-7 (La.App. 4 Cir. 12/12/01), 804 So.2d 764, 768, the fourth circuit interpreted the presence of the permissive "may" in La.R.S. 23:1208(D), instead of the mandatory "shall," as an indication that "the awarding of civil penalties [i.e., reimbursement] under these circumstances lies within the discretion of the hearing judge." Mr. Authement has not worked since May 2, 2000, the day of his accident. Consequently, he has had no income from which he might have paid his medical expenses himself instead of having his employer's workers' compensation insurer pay for them. We cannot say that the workers' compensation judge abused her discretion in denying Devillier's request for reimbursement of benefits that it paid on Mr. Authement's behalf. This assignment is without merit.

*Frivolous Appeal*

Finally, Devillier prays that Mr. Authement be cast with costs and attorney fees for filing a frivolous appeal pursuant to La.Code Civ.P. art. 2164. This article provides as follows:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

It is well-settled that appeals are favored in Louisiana. *Ray v. Leatherman*, 96-542 (La.App. 3 Cir. 10/9/96), 688 So.2d 1133, *writ denied*, 96-2709 (La. 1/6/97), 685 So.2d 123, *citing Hampton v. Greenfield*, 618 So.2d 859 (La.1993). Because La. Code Civ.P. art. 2164 is penal in nature, it is to be strictly construed. *Leatherman*, 688 So.2d 1133. Consequently, damages will be awarded only in those instances in which the appeal is clearly and unquestionably frivolous. *Id.*, *citing Hampton*, 618 So.2d 859. More than a merely unsuccessful argument is required for an appellee to recover. *Hawkins v. City of Jennings*, 97-1291 (La.App. 3 Cir. 3/6/98), 709 So.2d 292. If it is apparent that counsel for the appellant does not seriously advocate the position taken or if the appeal was filed solely for dilatory purposes, then damages for frivolous appeal are appropriate. *Gallien v. Winn-Dixie*, 96-832 (La.App. 3 Cir. 12/11/96), 685 So.2d 531, *citing Hampton v. Greenfield*, 618 So.2d 859 (La.1993), *Doe v. Roman Catholic Church*, 94-1476 (La.App. 3 Cir. 5/3/95), 656 So.2d 5, *writ denied*, 95-2076 (La. 11/13/95), 662 So.2d 478. Nevertheless, if even the slightest justification exists for the appeal, damages will not be awarded even if the appellant does not prevail. *Id.*

In the instant matter, damages for frivolous appeal are not appropriate. Neither the record nor the briefs indicate that counsel for Mr. Authement does not seriously advocate the position taken. It is likewise evident that this appeal was not filed as a

dilatory tactic in that Mr. Authement would have nothing to gain by delaying a judgment as to benefits that Devillier terminated in 2000. Thus, we deny Devillier's request for damages for frivolous appeal.

## DECREE

For the foregoing reasons, the judgment forfeiting the appellant's workers' compensation benefits and denying the appellee's request for reimbursement is affirmed. All costs of this proceeding are assigned equally to the claimant, Anthony J. Authement, and the employer, Blane Devillier Trucking, Inc.

**AFFIRMED.**