# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 11-816


**TIMOTHY BERNARD, SR., ET UX**

**VERSUS**

**LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-2010-7124
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and
Billy Howard Ezell, Judges.


**REVERSED AND REMANDED.**


**F. Douglas Wimberly**
**Cloyd, Wimberly & Villemarette, L.L.C.**
**P. O. Box 53951**
**Lafayette, LA 70505-3951**
**Telephone: (337) 289-6906**
**COUNSEL FOR:**
    **Defendants/Appellees - Lafayette City-Parish Consolidated Government**
    **and Thomas R. Carroll**

**Timothy Bernard, Sr.**
**In Proper Person**
**1224 Carmel Drive**
**Lafayette, LA 70501**
**Telephone: (337) 212-1094**

**THIBODEAUX, Chief Judge.**

The plaintiffs, Timothy Bernard Sr., his wife, Sheman Bernard, and his mother, Evelyn Bernard (the Bernards), appeal a judgment dismissing their suit against the defendants, Lafayette City-Parish Consolidated Government through Thomas R. Carroll III, Joey Durel, and the Public Works Department (LCG). Following a pre-trial hearing on LCG's exception of prescription, the trial court found that the Bernards' action prescribed one year after the LCG completed its drainage project adjacent to the Bernards' property.

Finding that the damages claimed by the Bernards are subject to a two-year prescriptive period and that they filed suit within the two-year period, we reverse the judgment of the trial court.

## I.

## ISSUE

We must decide whether the trial court erred in granting the defendants' exception of prescription and dismissing the plaintiffs' suit with prejudice.

## II.

## FACTS AND PROCEDURAL HISTORY

On October 30, 2008, LCG completed drainage improvements adjacent to the Bernards' property. These improvements allegedly caused erosion and a hazardous sink hole on their property. The date of the completion of the project is not in dispute and is supported by the defendants' affidavits.

On October 29, 2010, the Bernards, who are unrepresented, pro se plaintiffs, due to the withdrawal of their former attorney, filed a two-sentence, hand-written petition for $5,000.00 in small claims court, alleging: *"Damages*

*caused by wrongful conduct of defendants as poor drainage system was installed by defendants herein.*" The petition further stated that a sink hole was due to the defendants' negligence and mismanagement.

LCG transferred the suit to the district court and filed an exception of prescription, asserting that the Bernards' delictual action had a one-year prescriptive period and had prescribed on October 30, 2009.

One month before the hearing on LCG's exception of prescription, the Bernards filed a letter with the Clerk of Court, requesting a hearing on the prescriptive period. They cited La.R.S. 19:102 and 19:103 and quoted the language providing for a two-year prescriptive period on claims for damages caused by a procedural expropriation of property through petition and hearing.

At the hearing on the exception, the trial judge told the Bernards that they would have to provide evidence of an expropriation proceeding in order to avail themselves of the two-year prescriptive period. She directed them to the public records at City Hall and gave them ten days to obtain the evidence. The only "evidence" that the Bernards produced was a letter from their former attorney, dated October 18, 2010, signifying that he had returned their client file and advised them that they must file suit against the LCG before October 30, 2010. The letter itself did not mention expropriation or any specific cause of action, but it led to the Bernards' filing of their petition on October 29, 2010.

The trial judge granted the LCG's exception of prescription and dismissed the Bernards' suit with prejudice. The judge inserted a handwritten revision in her judgment, stating: "*The plaintiffs were afforded additional time to provide to the court evidence to support their claim that their property had been the subject of expropriation. No such evidence was provided.*"

The Bernards filed a motion for an appeal and for a new trial under La.Code Civ.P. art. 1971. LCG filed an answer in the district court asserting

2

frivolous appeal. The Bernard's motion for appeal was granted, but the trial court's order did not address the request for a new trial. The new trial was, therefore, denied.

We now consider whether the Bernards' suit against the LCG had prescribed when they filed it on October 29, 2010.

III.

## STANDARD OF REVIEW

An appellate court may not set aside a trial court's findings of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989). "Nevertheless, when the court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required to redetermine the facts de novo from the entire record and render a judgment on the merits." *Id*. at 844, n.2.

IV.

## LAW AND DISCUSSION

The Bernards contend that the trial court erred in granting the LCG's exception of prescription. We agree. Under the applicable statute, not cited or discussed by the parties or the trial judge in this case, the Bernards' suit had not prescribed, and we reverse.

It is clear from the Bernards' efforts at self-representation at the hearing, that their claim was for "damages" caused to their property by public work on their property and along their property lines, not for a procedural or statutory expropriation of their property by LCG, which was the only issue addressed by the trial court. The Bernards did not understand expropriation under

3

the statutes they cited, La.R.S. 19:102 and 19:103.[1] Those statutes are inapplicable in this case because they provide for (1) statutory or procedural expropriation of property by municipal corporations; (2) exercised by the filing of a petition and a hearing on the petition, which did not occur in this case. There was no procedural or statutory expropriation by LCG under the cited statutes in this case. The cited statutes do provide for a two-year prescriptive period if the property owner claims damages caused by the expropriation, which was the thrust of the Bernard's arguments.[2] Notwithstanding the mistaken citations, the Bernards articulated at the hearing that LCG had used their property while installing a drainage system and that the result was damage to their property, unsafe erosion on their property, a hazardous sinkhole that they had to rope off in order to prevent injury to their children and guests, loss of enjoyment, and devaluation of property.

Those damages are covered under La.R.S. 9:5624, which also provides for a two-year prescriptive period: "When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works." La.R.S. 9:5624. The fact that the Bernards cited the wrong statute is of no moment. "[A] pro se litigant who lacks formal training in the law and its rules of procedure . . . should be allotted more latitude than those plaintiffs represented by counsel." *Brooks v. Tradesmen Int'l, Inc.*, 03-1871, p. 5

---

[1]"Where a price cannot be agreed upon with the owner, any municipal corporation of Louisiana may expropriate property whenever such a course is determined to be necessary for the public interest by the governing authority of the municipality . . . ." La.R.S. 19:102. "The rights of expropriation granted in R.S. 19:102 shall be exercised in the following manner: (1) A petition shall be filed by the plaintiff [municipal corporation] in the district court of the parish in which the property to be expropriated is situated. . . ." La.R.S. 19:103(A). Procedural requirements are further detailed in La.R.S. 19:103(A)(2) and (3), including the payment of compensation to the owner; and the two-year prescriptive period for an owner's damages due to the procedural expropriation is addressed in La.R.S. 19:103(B).

[2]In their motion for a new trial and appeal, the Bernards cited La.R.S. 19:2, et seq., which provides for procedural expropriation as well, by the state, its political corporations and subdivisions, and certain other corporations and limited liability companies, also with a two-year prescriptive period. However, this set of statutes is similarly inapplicable because there was no procedural expropriation here.

(La.App. 4 Cir. 9/1/04), 883 So.2d 444, 447, *writ denied*, 04-2432 (La. 12/10/04), 888 So.2d 843.[3]

Under the damage statute, La.R.S. 9:5624, specifically addressing damage without expropriation, and the kind of damage alleged against LCG's Department of Public Works in the Bernards' petition, the Bernards timely filed their suit one year and 364 days after LCG completed the drainage project adjacent to their property. The purpose of the two-year prescriptive period, applicable when private property is damaged for public purposes, is "to limit the exposure of the State and its political subdivisions to liability in connection with a public work to a reasonable period of time." *Avenal v. State*, 03-3521, p. 33 (La. 10/19/04), 886 So.2d 1085, 1108, *cert. denied*, 544 U.S. 1049, 125 S.Ct. 2305 (2005).

The party urging the exception of prescription bears the burden of proving facts sufficient to support the exception. The standard controlling review of a peremptory exception of prescription requires that the court of appeal strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. *Dauzart v. Fin. Indem. Ins. Co.*, 10-28 (La.App. 3 Cir. 6/2/10), 39 So.3d 802.

At the trial of a peremptory exception of prescription, evidence may be introduced to support or controvert the defense of prescription, if its grounds do not appear from the petition. La.Code Civ.P. art. 931. "Generally, in the absence of evidence, the objection of prescription must be decided based upon the facts alleged in the petition, which must be accepted as true. But [this] principle applies

---

[3]Pro se litigants are similarly considered in other jurisdictions; *see, e.g., Breck v. Ulmer*, 745 P.2d 66, 75 (Alaska 1987), *cert. denied*, 485 U.S. 1023, 108 S.Ct. 1579 (1988) ("[T]he trial judge should inform a *pro se* litigant of the proper procedure for the action he or she is obviously attempting to accomplish . . . ."); *Nelson v. Jacobsen*, 669 P.2d 1207, 1213 (Utah 1983) (noting that *pro se* litigant "should be accorded every consideration that may reasonably be indulged.") (quoting *Heathman v. Hatch*, 372 P.2d, 990, 991 (1962)); *City of New Haven v. Bonner*, 863 A.2d 680, 685 (Conn. 2005) ("'[I]t is the established policy of the Connecticut courts to be solicitous of *pro se* litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the *pro se* party.'") (quoting *Vanguard Engineering, Inc. v. Anderson*, 848 A.2d 545, 548 (2004)).

only to properly pleaded material allegations of fact, as opposed to allegations deficient in material detail, conclusory factual allegations, or allegations of law." *Kirby v. Field*, 04-1898, p. 6 (La.App. 1 Cir. 9/23/05), 923 So.2d 131, 135, *writ denied*, 05-2467 (La. 3/24/06), 925 So.2d 1230 (citations and footnote omitted).

In support of its exception of prescription, LCG provided the trial court with three affidavits by the director, associate director, and a supervisor, of LCG's Department of Public Works. The affidavits confirmed that the drainage project was surveyed and constructed within LCG's drainage right of way, adjacent to the Bernards' property; that the drainage improvements met all applicable design and operational standards; and, that the project was completed on October 30, 2008.

The Bernards did not provide affidavits, but Timothy Bernard, Sr. and Sheman Bernard appeared pro se in open court on the date of the pre-trial hearing on prescription and testified on their own behalf. While the transcript of the hearing does not indicate a swearing-in of the plaintiffs, the court's minutes state that Timothy and Sheman Bernard appeared in "proper person" and that "[o]ral argument and testimony was presented by and between the respective parties." The trial judge herself questioned the plaintiffs and limited their responses.

Both of the Bernards attempted to provide a factual background to explain the nature of their claims for damages, and Sheman Bernard, in particular, tried to focus her remarks on evidentiary matters for the court. Ms. Bernard explained to the court that they had filed their petition in small claims court within the two year prescriptive period as advised by their former attorney, and that the petition was filed "for the damages to be fixed on the property." The court specifically asked Ms. Bernard under what statute she was making her claim, and Ms. Bernard found the language of La.R.S 19:103 and read it to the court. It is unknown why the Bernards chose to cite that statute, as it was not mentioned in the

6

letter from the former attorney. Nor was it ever cited or specifically addressed by LCG. It was very clear from the transcript that the Bernards did not understand the meaning of expropriation in the legal sense, or have knowledge of other statutes that could address their claims for damages. Once the statute was cited, however, the trial court limited their testimony to that statute. Because Louisiana eschews the "theory of the case" pleading, that procedure was flawed.

We note at this juncture that the brief record in this case indicates a two-year-plus battle between the parties, during which there were complaints of flooding and requests for culverts and drainage boxes, alleged property damage during construction of the drainage project, attempts by the Bernards to stop the construction, anger, police intervention, arrest, and a failed attempt by LCG to get an injunction against the Bernards to prevent them from filing complaints against LCG. At the hearing on the exception, the trial court asked if there had been an expropriation proceeding, and it eventually became clear through their efforts to explain, that the Bernards believed the injunction brought against them by LCG, due to their continuing complaints, was the expropriation proceeding mentioned in the inapplicable statute, La.R.S. 19:103.

The trial judge told the Bernards that expropriation meant that LCG would have filed a petition for expropriation, taken some of their property, and paid them for it. The court continued to ask for proof of an expropriation proceeding and a taking, and she told the Bernards that without it, they would be subject to a one-year prescriptive period.

This is not an accurate statement of the law, as takings occur without expropriation proceedings, and a plaintiff's action for such a taking under La.R.S. 13:5111, has a *three-year* prescriptive period. More importantly, as indicated above, La.R.S. 9:5624 addresses the very nature of damages claimed by the Bernards, without a taking, and it has a two-year prescriptive period.

7

In *Avenal*, the Louisiana Supreme Court articulated the distinction between a taking, under La.R.S. 13:5111, and damage to property under La.R.S. 9:5624, neither of which was considered by the trial judge in her examination of the Bernards.

> [T]he relevant consideration is whether plaintiffs' property was "taken" for a public purpose, or whether it was "damaged" for a public purpose. A distinction between a taking and a damaging is necessary because of the existence of two relevant prescription statutes, La. R.S. 13:5111 and La. R.S. 9:5624. Section 5111 of Title 13 is entitled "Appropriation of property by state, parish, municipality or agencies thereof; attorney, engineering and appraisal fees; prescription" and provides in pertinent part: "[A] proceeding brought against the state of Louisiana . . . or other political subdivision . . ., for compensation for the taking of property by the defendant, other than through an expropriation proceeding, . . . shall prescribe three years from the date of such taking." Section 5624 of Title 9 provides: "When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works." Thus, although the Louisiana Constitution provides that just compensation shall be paid when property is taken or damaged, La. R.S. 13:5111 provides a three-year prescriptive period for **takings** and La. R.S. 9:5624 provides a two-year prescriptive period for **damage**. *A.K. Roy, Inc. v. Board of Commissioners for Pontchartrain Levee District*, 237 La. 541, 547-48, 111 So.2d 765, 767 (1959) (Prescriptive period of La. R.S. 9:5624 applies only when private property is damaged for public purposes, but not actions for recovery of private property taken for public purposes).

*Avenal v. State*, 03-3521 (La. 10/19/04), 886 So.2d 1085, 1104-05.

In *Avenal*, oyster fishermen who owned leases in Breton Sound claimed that the State's action in diverting fresh water over their leased oyster beds (to stop erosion by salt water, for the public good), amounted to a taking of their property rights in violation of Article 1, § 4 of the Louisiana Constitution. After eliminating all but twelve of the 204 leases involved due to hold harmless clauses in the leases, the Louisiana Supreme Court analyzed the twelve remaining leases

8

under La.R.S. 9:5624 and La.R.S. 13:5111. The court cited *Columbia Gulf Transmission Co. v. Hoyt,* 252 La. 921, 215 So.2d 114 (La.1968), where it had found that property is "taken" when the public authority acquires the right of ownership, but property is considered "damaged" when the action of the public authority "results in the diminution of the value of the property." *Avenal*, 886 So.2d at 1105 (quoting *Columbia Gulf Transmission Co.*, 215 So.2d at 120). Diminution of property value due to the erosion and the sink hole are claims that the Bernards made at the hearing on the exception.

In *Avenal*, where the plaintiffs' claims were brought under Article I, § 4 of the Louisiana Constitution, the court stated that:

> We have no trouble classifying this case as a "damage" case under Art. I, § 4 rather than a "takings" case, for numerous reasons. It is undisputed that the state owned and continues to own the water bottoms. La. R.S. 9:1101. The state owns the waters. *Id.* The state owns the oysters. La. R.S. 56:3. Thus, the State could not take its own property. As Judge Tobias aptly noted in dissent, "[t]he State cannot appropriate or inversely condemn that which it already owns." *Avenal,* 01-0843, 858 So.2d at 740 (Tobias, dissenting).

*Avenal*, 886 So.2d at 1106.

In this case, LCG focused all of its proof, by affidavits, upon the fact that the project was completed within the right of way, or servitude, that it already owned, when the nature of the plaintiffs' claims revolved around the "damage" caused during and following the construction. Because LCG used and damaged part of their property while installing the drainage improvements, it is not difficult to understand how the Bernards confused the legal distinctions between damages, procedural expropriation, and appropriation by taking, all of which can be performed by a public body.

Here, with regard to proof of the nature of their claim for damages against LCG, Timothy Bernard told the court that he had pictures, DVD, and film

9

of the damages caused by the drainage work and that he would bring the judge whatever proof she wanted. Because he had complained that the LCG had come upon his property illegally and damaged it, the trial court focused upon LCG's affidavits stating that it had placed the drainage improvements inside its right of way. In response, Ms. Sheman Bernard articulated her own legal inexperience and expressed her concern that she was not "explaining it right." Ms. Bernard specifically stated, "They used our property." When pressed by the court for proof of an expropriation, Ms. Bernard stated, "They crossed over private property. When they were digging, they went over their servitude, causing damages along private property as well as their right of way." The court's response to this was that an action for trespass also had a one-year prescriptive period.

Yet, when Mr. Bernard tried to explain that "the property was all concreted . . .", apparently attempting to discuss the nature of the damages, the court interrupted him and stated as follows:

> Okay. Okay. But again, ya'll are getting into facts. And here's the problem. And I know you're not lawyers. But the nature of the claim that you're making determines how long you have to bring suit.

While it is true that the plaintiffs were inexperienced in legal matters, for which they repeatedly apologized, some of the factual testimony that they gave went to clarifying the "nature of the claim" they were bringing as pro se plaintiffs on their own behalf; and the nature of their claims was "damages" to their property, rather than a permanent "taking" or "expropriation" in the legal sense.

In addition to the testimony of the plaintiffs in open court, additional proof of use of and damage to the plaintiffs' property lies in the defendant's own affidavit. More specifically, the affidavit of Terry Cordick, the Associate Director of Public Works, Operations and Management, states: "That Tim Bernard was advised that his driveway would be restored to its existing condition once the

10

drainage improvements were made but that LCG could not 'upgrade' the Bernard's driveway." This is proof that LCG used the plaintiffs' property to install the drainage next to their property, and that the damage alleged, including any subsequent erosion and diminution of property value due to the construction, is subject to a two-year prescriptive period under La.R.S. 9:5624.

While we are aware that there were complaints and confrontations by both parties in this dispute, and that some angry and unrealistic expectations may have been expressed, the record reveals that the Bernards repeatedly stated the nature of their claims as "damages" to their property rather than a "taking" or a statutory expropriation of their property. "Damage" was the first word in their two-sentence petition, and it reverberated in their claims at the exception hearing— for relief and reparation of the hazardous erosion and sinkhole created by the work of the LCG in the interest of the public.

In *Avenal*, the court stated that in order for a lawsuit for damages caused by a public works project to fall within the purview of La.R.S. 9:5624, the damage must be incurred for public purposes. "Damage is incurred 'for public purposes' when the damaging is 'intentional or occurs as a necessary consequence of the public undertaking.'" *Avenal*, 886 So.2d at 1108-09 (quoting *Estate of Patout v. City of New Iberia*, 98-0961, p. 14 (La. 7/7/99), 738 So.2d 544, 549). "[E]ven unintentional damage can be inflicted 'for public purposes' if it is a 'necessary consequence' of the public project." *Id*. at 809 (alteration in original).

*Lyman v. Town of Sunset*, 500 So.2d 390 (La.1987), dealt with a claim for diminution of the value of the plaintiff's property caused by a landfill operated by the defendant. That damage was found to be a necessary consequence of the public purpose, making La.R.S. 9:5624 applicable. Similarly, here, the Bernards assert that the erosion and sink hole caused by LCG's drainage work, in addition to creating an unsafe condition, has caused their property value to decline.

11

Accordingly, we find that, for purposes of prescription, the Bernards have stated a claim for damages under La.R.S. 9:5624; hence, their suit against LCG was timely filed within the two-year prescriptive period of that statute.

V.

## CONCLUSION

Based upon the foregoing, we reverse the trial court's judgment granting the defendant's exception of prescription and remand the matter to the trial court for further proceedings consistent with this opinion. Court costs of $738.22 are assessed against the defendants, Lafayette Consolidated Government, et al.

**REVERSED AND REMANDED.**