NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-1341

TIMOTHY BERNARD, SR., ET AL.

VERSUS

LAFAYETTE CITY-PARISH
CONSOLIDATED GOVERNMENT, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20107124
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

AFFIRMED.

F. Douglas Wimberly
Cloyd, Wimberly & Villemarette
P. O. Box 53951
Lafayette, LA 70505-3951
(337) 289-6906
COUNSEL FOR DEFENDANTS/APPELLEES:
    Thomas R. Carroll III
    Lafayette City-Parish Consolidated Government

**Timothy Bernard, Sr.**
**Evelyn Bernard**
**Sheman Bernard**
**In Proper Persons**
**1224 Carmel Drive**
**Lafayette, LA 70501**
**(337) 212-1094**

**PICKETT, Judge.**

Landowners appeal the dismissal of their suit for damages allegedly caused by the installation of drainage improvements by the governing municipality. For the following reasons, we affirm.

**FACTS**

Timothy Bernard Sr., Evelyn Bernard, and Sheman Bernard filed suit against Lafayette City-Parish Consolidated Government, Joey Durel, and the Public Works Department (hereinafter collectively referred to as LCG), seeking damages allegedly caused by LCG when it installed "a poor drainage system" on or adjacent to their property. They contend LCG's actions caused a hazardous sinkhole and damage to their property. *See Bernard v. Lafayette City-Parish Consol. Gov't*, 11-816 (La.App. 3 Cir. 12/7/11), 80 So.3d 665.

LCG filed an exception of prescription seeking dismissal of the Bernards' suit. LCG asserted that the Bernards' claims prescribed on October 30, 2009, but they did not file suit until October 29, 2010. The trial court granted the exception and dismissed the Bernards' suit. The Bernards appealed, and another panel of this court determined their claims were not prescribed under La.R.S. 9:5624.[1] The panel reversed the trial court's judgment and remanded the matter for further proceedings. *Id.*

On remand, a trial on the merits was scheduled for August 27, 2012. The Bernards were all present in court. When the matter was called for trial,

---

[1] Louisiana Revised Statutes 9:5624 provides: "When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two years, which shall begin to run after the completion and acceptance of the public works."

Mrs. Sheman[2] Bernard stated: "We, the Bernard family, affirm and understand . . . this proceeding, but we plead the Fifth on this trial on the basis of conflict of interest and judicial issues." Mrs. Bernard further stated, "We're not continuing with this trial . . . on the basis of conflict of interest." She continued, "We're seeking another judicial court to see [sic] this case. So we plead the Fifth on this trial."

The trial court explained to the Bernards that this matter does not involve the Fifth Amendment's right against self-incrimination. The trial court further explained: "today is your day . . . to present evidence . . . as to whether or not you can prove that your property was damaged. This is your day in court." After more discussion in which the Bernards stated that the trial court did not have jurisdiction, the following exchange occurred:

> THE COURT: You have filed a claim in this court, and this Court does have jurisdiction over this matter.
>
> MR. BERNARD: No, you don't.
>
> THE COURT: And this Court is prepared to proceed today and let you put on evidence in order to prove your claims.
>
> MR. BERNARD: Okay.
>
> THE COURT: If you are telling me that you are refusing to put on any evidence, then this Court is going to have to dismiss your claim.
>
> MR. BERNARD: Dismiss it, then.
>
> MRS. BERNARD: Well, go ahead.
>
> MR. BERNARD: That's what we're asking you to do.

---

[2] The transcript refers to "Charmaine Bernard," which we take to be a reference to plaintiff "Sheman Bernard."

The Bernards then asked the trial court to "make your ruling so that we may leave," and the trial court restated that if they did not put on evidence, their claim would be dismissed with prejudice. Mr. Bernard replied, "do what you got to do," and the trial court continued:

> THE COURT: And the Court will so do it, because they were given the opportunity, they are adamantly refusing to present any evidence, and, therefore, this Court has no alternative but to dismiss their claim with prejudice.

The matter was then concluded. Later, that same day, the Bernards filed a Motion and Order for Appeal, and this appeal was lodged. LCG filed a Motion to Dismiss Appeal which was ordered to be considered on the merits with the appeal. LCG thereafter filed an Answer seeking damages for frivolous appeal.

## DISCUSSION

In their Motion for Appeal and Brief to this court, the Bernards assert that they pled the Fifth Amendment on two bases: (1) newly-discovered evidence and (2) the trial court was the wrong court and had no jurisdiction to hear this case. They further assert that there are violations of environmental regulations, codes, and statutes which require a complete judicial review by the supreme court or this court. The Bernards further assert that their civil rights and constitutional rights have been violated by the actions of LCG. They cite facts, statutes, and cases which they contend support their claims. The Bernards' Motion and Brief also indicate that they believe the trial court had a conflict of interest which prevented it from hearing their case; that LCG damaged their property and affected the value and use of their property when it performed drainage construction on or adjacent to their property; and that LCG damaged their reputations during the course of the construction.

3

LCG urges that the Bernards waived their right to appeal because they acquiesced in the trial court's judgment dismissing their suit. Louisiana Code of Civil Procedure Article 2085 provides, in pertinent part: "An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him."

> Acquiescence in a judgment is never presumed, and the party alleging abandonment must establish by direct or circumstantial evidence that the party now appealing intended to acquiesce and to abandon his right to appeal. Furthermore, appeals are favored in law, and forfeiture of a party's right to appeal through acquiesce[nce] should be decreed only when the party's intention to acquiesce and to abandon his right of appeal is clearly demonstrated.

*Hoyt v. State Farm Mut. Auto. Ins. Co.*, 413 So.2d 1003, 1005 (La.App. 3 Cir.) (quoting *Koerner & Lambert, A Prof'l Law Corp. v. Allstate Ins. Co.*, 363 So.2d 546 (La.App. 4 Cir. 1978)), *writ denied*, 423 So.2d 1180 (La.1982) (citations omitted).

The record shows that the Bernards acquiesced in the judgment. Mrs. Bernard stated, "We're not continuing with this trial . . . . We're seeking another judicial court to see this case." The Bernards maintained their position after the trial court explained, "You have filed a claim in this court, and this Court does have jurisdiction over this matter . . . . If you are telling me you are refusing to put on any evidence, then this Court is going to have to dismiss your claim." At which point, Mr. Bernard stated, "Dismiss it . . . That's what we're asking you to do."

We understand the Bernards are not attorneys and may not have understood the ramifications of their acquiescence in the trial court's dismissal of their claims; however, they "voluntarily and unconditionally acquiesced in [the] judgment

4

rendered against [them]." La.Code Civ.P. art. 2085. Moreover, the record establishes that the trial court was understanding and patient with the Bernards throughout the course of the hearing because they are not attorneys and carefully explained the gravity of their failure to present their case at that time. The Bernards, however, disregarded the trial court's explanations and warnings.

While "[a] layman who represents himself cannot be held to the same standards of skill and judgment which must be attributed to an attorney . . . he assumes responsibility for his own inadequacy and lack of knowledge of both procedural and substantive law." *Gray v. State*, 05-617, p. 13 (La.App. 3 Cir. 2/15/06), 923 So.2d 812, 821 (quoting *Rader v. Dep't of Health and Hosps., Office of Pub. Health, Eng'g Servs.*, 94-763, p. 5 (La.App. 1 Cir. 3/3/95), 652 So.2d 644, 646 (citations omitted)). The Bernards not only refused to proceed with their case after the trial court explained that their failure to do so would result in the dismissal of their case, they also instructed the trial court to dismiss the case. Their refusal to heed the trial court's warning mandates dismissal of this appeal.

LCG answered this appeal, seeking an award of damages, including attorney fees and costs, against the Bernards for filing a frivolous appeal, as provided in La.Code Civ.P. art. 2164.[3] Appeals are favored in Louisiana. *Blane Devillier Trucking, Inc. v. Authement*, 03-590 (La.App. 3 Cir. 11/5/03), 858 So.2d 795. Moreover, Article 2164 is penal in nature and must be strictly construed. *Ray v.*

---

[3] Louisiana Code of Civil Procedure Article 2164 provides:

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

*Leatherman*, 96-542 (La.App. 3 Cir. 10/9/96), 688 So.2d 1133, *writ denied*, 96-2709 (La. 1/6/97), 685 So.2d 123.

We determine above that the Bernards forfeited their right to appeal; however, we also recognize that as lay people, they did not comprehend the consequences of their actions in the trial court. Additionally, it is clear they strongly believe in their claims. For these reasons, we decline to award damages or attorney fees.

## DISPOSITION

The judgment of the trial court dismissing this case is affirmed. All costs are assessed to Timothy Bernard Sr., Ethel Bernard, and Sheman Bernard.

**AFFIRMED.**