GUIDRY, J., dissenting.
It is a well-settled principle that the provisions of the workers' compensation scheme should be liberally interpreted in favor of the worker. Gomon v. Melancon, 06-2444, p. 4 (La. App. 1st Cir. 3/28/07), 960 So.2d 982, 984, writ denied, 07-1567 (La. 9/14/07), 963 So.2d 1005. The standard controlling review of an objection of prescription requires that the court of appeal strictly construe the statutes against prescription and in favor of the claim that is said to be extinguished. Bernard v. Lafayette City-Parish Consolidated Government, 11-816, p. 5 (La. App. 3d Cir. 12/7/11), 80 So.3d 665, 669. Louisiana Revised Statute 23:1317(A) provides that a workers' compensation judge is not bound by technical rules of evidence or procedure other than as provided by workers' compensation law. So while all findings of fact must be based upon competent evidence, the judge is to decide the merits of a controversy equitably, summarily, and simply. The jurisprudence states that the legislative intent behind La. R.S. 23:1317 is to materially relax evidentiary and procedural rules and subordinate procedural considerations to discovery of the truth and protection of substantial rights. Peters v. Ruskin Manufacturing, 39,535, p. 4 (La. App. 2d Cir. 4/6/05), 899 So.2d 780, 782-83.
Thus, considering the summary nature of the proceedings below and the fact that Mr. Hernandez has litigated this matter as a self-represented party, I believe the majority errs in failing to consider the objection of prescription in light of the entire record. See Sprowl v. Taylor, 07-857 (La. App. 3d Cir. 1/30/08), 2008 WL 241574, at *1 (wherein the court stated relative to the appeal of a pro se litigant, "we will examine the record using the applicable standard of review to determine whether the *302 judgment of the trial court was reasonable in light of the record in its entirety"). At the hearing on CF Industries Nitrogen's objection of prescription, it was acknowledged that Mr. Hernandez had a pending tort suit based on the September 16, 2014 accident. The record further reveals that CF Industries Nitrogen is one of several defendants named in the pending tort suit, which CF Industries Nitrogen acknowledged in motions it filed in the underlying proceedings. See Isaac v. Lathan, 01-2639, p. 6 (La. App. 1st Cir. 11/8/02), 836 So.2d 191, 195 (wherein this court concluded that where both the tort action and workers' compensation action against the defendant were based on the same occurrence and where the defendant had notice of the factual elements of the action, the timely-filed tort action against the defendant interrupted prescription as to the subsequent workers' compensation claim against the same defendant).[1] Additionally, a stamped copy of the petition in the tort suit to which CF Industries Nitrogen acknowledged being a party is contained in the record and shows that the tort suit was fax filed on September 16, 2015.
Hence, as the record reveals the existence of a previously-filed, timely tort suit against CF Industries Nitrogen based on the September 16, 2014 accident, I believe the majority's affirmance of the judgment sustaining the peremptory exception raising the objection of prescription is clear error, and for these reasons, I respectfully dissent.

Notably, in a motion to continue filed by CF Industries Nitrogen, it alleged that "[m]ultiple parties in the tort action have filed dispositive motions on statutory employer grounds."